## People v Abraham Operations Assoc. LLC

2024 NY Slip Op 32948(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 451549/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MELISSA A. CRANE**

*Justice*

PART      60M

-----------------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

Plaintiff,

- v -

ABRAHAM OPERATIONS ASSOCIATES LLC DBA BETH ABRAHAM CENTER FOR REHABILITATION AND NURSING, DELAWARE OPERATIONS ASSOCIATES LLC DBA BUFFALO CENTER FOR REHABILITATION AND NURSING, HOLLIS OPERATING CO LLC DBA HOLLISWOOD CENTER FOR REHABILITATION AND HEALTHCARE, SCHNUR OPERATIONS ASSOCIATES LLC DBA MARTINE CENTER FOR REHABILITATION AND NURSING, LIGHT PROPERTY HOLDINGS ASSOCIATES LLC,DELAWARE REAL PROPERTY ASSOCIATES LLC,HOLLIS REAL ESTATE CO LLC,LIGHT OPERATIONAL HOLDINGS ASSOCIATES LLC,LIGHT PROPERTY HOLDINGS II ASSOCIATES LLC,CENTERS FOR CARE LLC DBA CENTERS HEALTH CARE, CFSC DOWNSTATE LLC,BIS FUNDING CAPITAL LLC,SKILLED STAFFING LLC,KENNETH ROZENBERG, DARYL HAGLER, BETH ROZENBERG, JEFFREY SICKLICK, LEO LERNER, REUVEN KAUFMAN, AMIR ABRAMCHIK, DAVID GREENBERG, ELLIOT KAHAN, SOL BLUMENFELD, ARON GITTLESON, AHARON LANTZITSKY, JONATHAN HAGLER, MORDECHAI MOTI HELLMAN,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 451549/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 814, 815, 816, 818, 819, 820, 821, 822, 823, 824, 825, 826, 861, 862, 863, 864, 865

were read on this motion to/for        DISCOVERY       .

Upon the foregoing documents, it is

By this motion, respondents seek an order granting leave to conduct discovery pursuant to CPLR 408. The reason leave of court is required is because this is a special proceeding pursuant to Executive Law § 63(12).

451549/2023   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. ABRAHAM OPERATIONS ASSOCIATES LLC DBA BETH ABRAHAM CENTER FOR REHABILITATION AND NURSING ET AL
Motion No.  004

Page 1 of 5

1 of 5

Executive Law § 63(12) provides in relevant part:

"Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carry on, conducting or transaction of business, the attorney general may apply, in the name of the People of the State of New York, on notice of five days, for an order enjoining the continuance of such business activity . . . ."

This statute is intended as an "expeditious means for the Attorney General to prevent further injury and seek relief for the victims of business fraud" (*People v. Apple Health & Sports Clubs, Ltd., Inc.,* 206 A.D.2d 266, 268, 613 N.Y.S.2d 868 [1st Dept. 1994], *lv dismissed in part, denied in part* 84 N.Y.2d 1004, 622 N.Y.S.2d 908, 647 N.E.2d 114 [1994]).

The Attorney General must show repeated fraud or illegality in order to win. Accordingly, the Attorney General has laid bare all its evidence upon which it intends to rely at the beginning of this case.

Nevertheless, respondents insist they are entitled to more than what the Attorney General has already provided. Courts grant discovery in special proceedings only upon a showing of "ample need" (*People v Northern Leasing Sys. Inc.*, 193 AD3d 67, 74 [1st Dep't 2021]). Because of the nature of the proof needed to show "repeated fraud or illegality," and the summary nature of the proceeding, courts have often denied as irrelevant, requests for documents from the Attorney General tending to show the opposite (i.e. instances where there is a lack of fraud or illegality) (see *People v Northern Leasing Sys. Inc*, 193 AD3d at 74 [respondents were not entitled to additional discovery prior to the determination of a motion for summary determination on the petition]).

With this context in mind, the court will now take each category respondents seek from page 6-7 of their opening brief (EDOC 815) to see if respondents have met the ample need standard or otherwise whether the information is obtainable.

**451549/2023 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. ABRAHAM OPERATIONS ASSOCIATES LLC DBA BETH ABRAHAM CENTER FOR REHABILITATION AND NURSING ET AL Motion No. 004**

**Page 2 of 5**

1. **Names of witnesses whom the AG interviewed during its investigation**
Denied. To the extent that respondents seek the names of witnesses whom the AG interviewed during its investigation, this information is work product (*see People v Volkswagen of Am.*, 41 Ad2d 827 [1st Dep't 1973]; *see also People v. Bestline Prod., Inc.*, 41 N.Y.2d 887 [1977] [requiring disclosure of names of complaining witnesses was abuse of discretion where record provided ample information of the practices attacked as fraudulent and defendants' purpose, barely concealed, was to uncover scope of the investigation and perhaps discourage prospective witnesses]).

2. **Witness Statements the AG obtained during its investigations**
Denied. Same analysis as 1. Also, statements by individuals who are not part of the Attorney General's case are not relevant to whether the Attorney General has made out a case of fraud or illegality with respect to the people who ARE part of the Attorney General's case.

3. **The transcripts of the witness examinations the AG conducted during its investigation**
Denied. Same analysis as 2.

4. **Complaints made to the AG from Nursing Home residents and their family members, current and former employees, and other witnesses, relating to the Nursing Homes**
Denied. Same analysis as 2.

5. **Documents, including medical records, collected by the AG during its investigation (other than records in the possession of the Nursing Homes) relating to its allegations about harm to residents of the Nursing Homes**
Denied. Respondent does not show ample need. Respondents, as the nursing homes where the patients resided, have the full files of the patients the Attorney General relies upon in this case. Individuals the AG spoke to, but decided not to include in its petition, are not relevant. This is because, to the extent the nursing homes provided adequate care to certain residents, it does not negate the provision of inadequate care to others.

6. **Documents collected by the AG during its investigation from other government agencies relating to the allegations in the Petition**
Denied. This general information is the subject of Respondent's FOIL request which this court sent to Albany. Therefore, there is no ample need because Respondents can collect this information on their own.

7. **Documents collected by the AG during its investigation relating to operational challenges faced by nursing homes due to COVID-19**
Denied. There is no reason Respondents cannot adequately argue about the effect Covid had on nursing home operations without the documents the AG collected. Respondents can collect the information they need on their own and likely already have substantial information about operational challenges during Covid as respondents experienced those challenges first-hand.

**451549/2023   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. ABRAHAM OPERATIONS ASSOCIATES LLC DBA BETH ABRAHAM CENTER FOR REHABILITATION AND NURSING ET AL**
**Motion No.  004**
**Page 3 of 5**

8. **Documents relating to the fair market value of the allegedly inflated rents described in the Petition**
Denied. To the extent this subject is relevant, there is no need, much less ample need, for respondents to have petitioner's documents related to fair market value of their properties. This is public information, and the issue is best presented to the court in the form of competing expert reports.

9. **Documents relating to the fair market value of the goods and services exchanged between Respondents and the Related Party Vendors**
Denied. Same analysis as 8. However, respondents appear to concede they can obtain the information themselves at pg. 62 of the oral argument transcript (EDOC 881).

10. **Documents supporting the $83 million amount alleged to have been illegally converted by Respondents, as alleged in Paragraphs 8, 14, 22, 28, 82, and 104 of the Petition**
Denied. The Attorney General has represented that it does not have additional documents on this subject, other than what it has interposed on its affirmative case (EDOC 881 at page 65). Petitioner will not be permitted to introduce additional evidence on its affirmative case that it has not already revealed on this subject.

11. **Documents reflecting the origin of the funds alleged in Paragraphs 8, 14-17, 22, 24, 29, 31, 82, 408-792, and 847 of the Petition, including whether these funds were Medicaid or Medicare reimbursements**
Denied. This information is within the purview of the respondents.

The court has considered the respondents' remaining contentions and finds them unavailing.

Accordingly, it is ORDERED that Motion Seq. No. 04 is denied.

_2024082016003sMACRANEDE628C54212E44D486D5DC82A3D8E88D_

**8/20/2024**
_____
**DATE**

**MELISSA A. CRANE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**451549/2023   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. ABRAHAM OPERATIONS ASSOCIATES LLC DBA BETH ABRAHAM CENTER FOR REHABILITATION AND NURSING ET AL**
**Motion No.  004**

Page 4 of 5